UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER CLARY | : |
| | : Civil Action No. |
| Plaintiff, | : 3:02CV1913 (AVC) |
| | : |
| v. | : |
| | : |
| FARREL CORPORATION | : |
| | : |
| Defendant. | : OCTOBER 15, 2003 |

**MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANT'S MOTION TO
COMPEL DISCOVERY RESPONSES AND INITIAL
DISCLOSURES, TO PROVIDE NOTICE OF PROPOSED DISMISSAL, AND
TO IMPOSE SANCTIONS FOR FAILURE TO COOPERATE IN DISCOVERY**

Defendant Farrel Corporation ("Farrel") respectfully submits this Memorandum

of Law in support of its Motion to Compel Discovery Responses and Initial

Disclosures, to Provide Notice of Proposed Dismissal, and to Impose Sanctions for

Failure to Cooperate in Discovery. In support of its motion, Farrel alleges the

following:

**Relevant Background**

Plaintiff was initially represented by counsel in this action. Plaintiff's counsel,

however, moved to withdraw on or about May 15, 2003, after indicating that he did not

believe that plaintiff should pursue this action. As a result of opposing counsel's

withdrawal, Plaintiff filed a pro se Appearance with the Court on or about May 15, 2003.

On or about April 4, 2003, Farrel served its First Set of Interrogatories and First Request for Production of Documents (collectively the "Discovery Requests") upon Plaintiff. See Discovery Requests, attached hereto as Exhibit A. Plaintiff, however, never provided Farrel with his Initial Disclosures and failed to respond timely to the Discovery Requests.

Because Plaintiff failed to either respond or object to the Discovery Requests within the required time period, undersigned counsel advised Plaintiff by letter dated August 11, 2003, that unless Plaintiff responded to Farrel's Discovery Requests and produced his Initial Disclosures by August 21, 2003, Farrel would move for an Order compelling such disclosure. See Affidavit of Good Faith, ¶5. Farrel also renoticed Plaintiff's deposition for September 24, 2003.[1] Plaintiff, however, did not respond to the August 11, 2003 letter, nor did Plaintiff produce discovery responses or Initial Disclosures. Id., ¶6.

On September 15, 2003, undersigned counsel again sent Plaintiff a letter requesting that Plaintiff submit his Initial Disclosures and respond to Farrel's Discovery Requests by September 19, 2003, in time for Plaintiff's deposition noticed for September 24, 2003. Plaintiff did not respond to undersigned counsel's September 15,

---

[1] Plaintiff's deposition had previously been noticed for May 14, 2003, but did not go forward at the request of plaintiff's counsel.

2003 letter. Id., ¶7. As a result, Farrel was forced to cancel Plaintiff's September 24, 2003, deposition.

To date, Plaintiff has refused to comply with Farrel's Discovery Requests and has not served Farrel with his Initial Disclosures as required by Fed. R. Civ. P. 26(a). Further, Plaintiff has failed to propound any discovery requests of his own. Based on the foregoing, it appears that Plaintiff is merely attempting to harass Farrel and has no intent of pursuing this action.

### Argument

**A.   Farrel is Entitled to an Order Compelling Plaintiff to Respond to its Interrogatories**

Farrel is entitled to an Order compelling Plaintiff to respond to its First Set of Interrogatories, dated April 4, 2003 (the "Interrogatories"). Fed. R. Civ. P. 33(b)(3) provides that "[t]he party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories." Rule 33(b)(4) further provides that "[a]ll grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the Court for good cause shown." Here, Plaintiff did not respond, object to, or seek an extension of time to respond to Farrel's Interrogatories. Having failed to respond or seek an extension of time, Plaintiff should not be allowed to interpose any objection to any of Farrel's Interrogatories. Plaintiff's failure to respond to Farrel's Interrogatories was brought to Plaintiff's attention through undersigned counsel's August 11, 2003 letter, and

3

September 15, 2003 letter, but Plaintiff has made absolutely no attempt to contact counsel for Farrel to provide any reason or excuse for his failure to provide discovery responses. See Affidavit of Good Faith, ¶¶5-7. It appears that Farrel's Discovery Requests are simply being ignored.

### B. Plaintiff Should be Ordered to Comply With Farrel's Document Requests

Plaintiff has also failed to respond to Farrel's First Request for Production of Documents, dated April 4, 2003 (the "Document Requests") and should be required to do so immediately. Fed. R. Civ. P. 34(b) provides, in relevant part, that "[t]he party upon whom the request is served shall serve a written response within 30 days after the service of the request." Plaintiff has not responded, objected, nor moved for an extension of time to respond to Farrel's Document Requests. Accordingly, for the same reasons discussed above, Plaintiff should be required to provide responsive documents immediately.

### C. Plaintiff Should be Ordered to Produce his Initial Disclosures

Pursuant to Fed. R. Civ. P. 26(a), Plaintiff is required to provide the identity of any individual who is likely to have discoverable information that he may use to support his claims, a copy of or description by category of all documents in his possession that he may use to support his claims, and a computation of his damages. Farrel served its Initial Disclosures on Plaintiff on or about August 11, 2003, approximately two months

ago.[2] As of this date, however, Plaintiff has neither made his Initial Disclosures nor sought an extension of time in which to do so. Therefore, the Court should issue an Order directing Plaintiff to make his Initial Disclosures immediately.

### D. Plaintiff Should be Placed on Notice that Failure to Comply with Discovery will Result in Dismissal of this Action

Local Rule 41(a) provides that "[i]n civil actions in which no action has been taken by the parties for six (6) months or in which deadlines established by the Court pursuant to Rule 16 appear not to have been met, the Clerk shall give notice of proposed dismissal to counsel of record and pro se parties, if any." After providing such notice, if "no action has been taken in the action in the meantime and no satisfactory explanations is submitted to the Court within twenty (20) days thereafter, the Clerk shall enter an order of dismissal." Here, Plaintiff has failed to take any action to pursue this cases since agreeing to the Rule 26(f) Report on February 12, 2003, and has failed to comply with a single deadline contained in the Rule 26(f) Report. Accordingly, the Court should enter an Order providing that, unless Plaintiff submits his Initial Disclosures, responds to Farrel's Discovery Requests, and states in writing to the Court that he intends to pursue this action, in twenty days the Court will enter an order of dismissal.

---

[2] Farrel's Initial Disclosures were served upon Plaintiff on that date. Plaintiff's counsel had requested time to exchange the Initial Disclosures and then indicated that he intended to either withdraw the action or his representation. After it became clear that plaintiff did not agree to withdraw this action, Farrel served the Initial Disclosures.

### E. Farrel is Entitled to an Award of its Expenses Incurred in Making this Motion to Compel

Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure provides, in relevant part, that if a motion pursuant to Rule 37(a)(2) is granted:

> the court <u>shall</u>, after affording an opportunity to be heard, require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure ... was substantially justified, or that other circumstances make an award of expenses unjust.

(Emphasis added). In this case, it is clear that Farrel is entitled to its attorney's fees for this Motion to Compel as a sanction for Plaintiff's complete failure to respond. Farrel served Discovery Requests on Plaintiff almost six (6) months ago, and they are simply being ignored. Similarly, Plaintiff has failed to respond to letters by Farrel's counsel. The total failure of Plaintiff to respond to Farrel's Discovery Requests constitutes an abuse of the discovery process.

Because of Plaintiff's failure to respond to Farrel's Discovery Requests, undersigned counsel was forced to cancel Plaintiff's deposition, which was scheduled for September 24, 2003. In addition, Plaintiff's disregard has caused Farrel to incur unnecessary attorney's fees in connection with this motion, and unwarranted delay in conducting discovery in this case. Accordingly, Farrel requests that Plaintiff be ordered to reimburse its attorney's fees incurred in the making of this motion.

## Conclusion

For the foregoing reasons, Farrel respectfully moves for an Order compelling Plaintiff to provide responses to Farrel's Discovery Requests without interposing any objection, and to produce his Initial Disclosures. In addition, Farrel respectfully requests that the Court provide notice to Plaintiff that if he fails to provide the required discovery and state his intention to pursue this action, this action be dismissed in its entirety, with prejudice, for failure to prosecute. Farrel also respectfully moves this Court for an Order directing Plaintiff to pay Farrel its attorney's fees in connection with this motion.

**DEFENDANT**
**FARREL CORPORATION**

By: _____
Robin G. Frederick
Federal Bar No. ct10542
Piyush Sharma
Federal Bar No. ct23463
Shipman & Goodwin LLP
300 Atlantic Street
Stamford, CT 06901-3522
Tel: (203) 324-8100
Fax: (203) 324-8199
E-mail: rfrederick@goodwin.com
E-mail: psharma@goodwin.com
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October, 2003, a copy of the foregoing Memorandum of Law in Support of Defendant's Motion to Compel Discovery Responses and Initial Disclosures, to Provide Notice of Proposed Dismissal, and to Impose Sanctions for Failure to Cooperate in Discovery was sent via certified mail, return receipt requested, to:

Christopher Clary
798 Riverside Drive
Orange, CT 06477

　　　　　　　　　　　　　　　　　　　　Piyush Sharma
　　　　　　　　　　　　　　　　　　　　Fed. Bar No. ct23463

102343 v.01